**KISOB LAW FIRM**
Apemwoyah Kisob Alaric-Lorenzo Esq. (SBN. 321507)
Alkisob@kisoblaw.US
Attorney and Counselor-at-Law
New York, California, Nigeria & Cameroon
3680 Wilshire Blvd Suite P 04-1147
Los Angeles CA 90010
Tel: 310-361-4912
Fax: 310-882-7223

Attorney for Plaintiff
Andrew Gaskin

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANDREW GASKIN,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. Violation of the ADA. |
| **COOP RPG, INC., dba CHICK-FIL-A,** and | 2. Discrimination in violation of the Unruh Civil Rights Act. |
| DOES 1–10, inclusive. | 3. Negligent hiring, supervision or retention of employee. |
| Defendants. | |

DEMAND FOR JURY TRIAL

## INTRODUCTION

1. Plaintiff Andrew Gaskin ("**Plaintiff**") brings this action to address discriminatory conduct he encountered at a Chick-Fil-A restaurant owned and operated by COOP RPG, INC. ("**Defendant**").

## PARTIES

2. At all times mentioned herein, Plaintiff has been domiciled in Los Angeles County, California.

3. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, COOP RPG, INC. is a corporation formed in Tennessee doing business in Los Angeles County as Chick-Fil-A.

4. Defendants' wrongful acts were committed in Los Angeles County, California.

Plaintiff is yet to ascertain the true identities of Defendants sued herein as Does 1 through 10. Defendant COOP RPG, INC. and DOE Defendants shall be referred to collectively as "**Defendants**."

5.   Plaintiff is informed and believes and based thereon alleges, that at all times mentioned herein, Defendants including DOES 1 through 10, were the agents, employees, representatives, fiduciaries, insurers, and/or co-conspirators of each other. Defendants were acting within the course and scope of such relationship and are responsible for the acts alleged herein and as proximate cause for Plaintiff's damages.

6.   Defendant COOP RPG, INC. is liable for all tortious actions of its employees under the doctrine of Respondeat Superior. "An employer may be held vicariously liable for torts committed by an employee within the scope of employment." (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 208). The Plaintiff bears the burden of proving that the employee's tortious act was committed within the scope of employment. (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202.). There is no doubt that all discriminatory acts by Defendant's employees were carried out within the scope of their employment.

## JURISDICTION AND VENUE

7.   This Court has subject matter jurisdiction because this action is brought pursuant to 28 U.S.C. § 1331 (federal question), as it arises under the Constitution and laws of the United States, and specifically pursuant to 28 U.S.C. §1343, as this action seeks redress for civil rights violations under (42 U.S. C. §§ 12181-12189) and its enacting regulations *et seq*.

8.   As an alternative and independent basis for subject matter jurisdiction, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Plaintiff alleges that there is complete diversity of citizenship between the parties, in that Plaintiff is domiciled in California, and Defendant(s) are incorporated in Tennessee. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.   Venue is proper in this judicial district because Defendants reside in, can be found in, transact business in, and/or maintain their principal offices in Riverside County

and Defendants' wrongful acts were committed in Riverside County.

10. Plaintiff's claims for attorneys' fees and costs under federal law is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S. Code § 12205; 28 CFR § 36.505, which authorize the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S. C. §§ 12181.

11. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367, as they arise from the same case or controversy as Plaintiff's claims under federal law.

12. Plaintiff's claim for attorneys' fees and costs under state law is predicated upon California Civil Code § 52.1 and 52(a), which authorize the award of attorneys' fees and costs in an action brought under those statutes, and California Code of Civil Procedure § 1021.5, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs whose actions vindicate important rights.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. On November 25, 2025, at approximately 5:05 p.m., Plaintiff arrived at Defendant's Chick-fil-A restaurant located at 660 S. Figueroa Street, Suite 100, Los Angeles, California to retrieve a mobile order.

14. Plaintiff was accompanied by his trained psychiatric service dog, which is required because of Plaintiff's mental disability and trained to perform tasks that mitigate that disability.

15. Plaintiff's service dog was not wearing a vest or identification because no such requirement exists under federal or California law.

16. A security officer stationed at the entrance denied Plaintiff entry, stating that no pets were allowed and that only service animals with visible vests or credentials would be permitted.

17. The Security officer claimed his personal dog training background and military experience allowed him to enforce this unlawful rule.

18.Plaintiff requested management intervention. A shift lead identified as Vandiver affirmed the refusal and denied Plaintiff entry with his service animal.

19.Defendants did not ask the legally permitted ADA questions and instead imposed unlawful documentation and appearance requirements.

20.As a result of Defendants' conduct, Plaintiff was forced to chain his service dog to a street pole outside the restaurant to retrieve his order.

21.This separation exposed the animal to danger and caused Plaintiff humiliation, distress, and indignity.

22.Defendants' actions reflect a failure to train and supervise employees and security personnel in compliance with disability access laws.

23.Plaintiff suffered emotional distress, embarrassment, and denial of full and equal access as a result of Defendants' discrimination.

**FIRST CAUSE OF ACTION**

**Violation of the Americans with Disabilities Act**

(42 U.S.C. § 12181 et seq.)

Against All Defendants

24. Plaintiff realleges paragraphs 1–23.

25. Defendant operates a place of public accommodation.

26. Plaintiff is a qualified individual with a mental health disability entitled to full and equal enjoyment of Defendant's facilities.

27.Defendants discriminated against Plaintiff by denying entry and imposing unlawful service animal requirements in violation of 42 U.S.C. § 12182.

28.Unless enjoined, Defendants will continue to violate the ADA.

29.Plaintiff seeks injunctive relief requiring Defendants to:

    a. Adopt lawful service animal policies;

    b. Train employees and security personnel;

    c. Ensure ADA compliance going forward.

27.Plaintiff is entitled to attorney's fees and costs under 42 U.S.C. § 12205.

**SECOND CAUSE OF ACTION**

**Violation of the Unruh Civil Rights Act**

(Cal. Civ. Code §§ 51, 52)

Against All Defendants

28. Plaintiff realleges paragraphs 1–27.

29. Defendants denied Plaintiff full and equal accommodations on the basis of disability.

30. A violation of the ADA constitutes a violation of the Unruh Act.

31. Plaintiff is entitled to statutory damages of not less than $4,000, actual damages, attorney's fees, and costs.

32. Defendants acted intentionally and knowingly in denying equal access and their actions were a substantial factor in causing Plaintiff significant emotional distress.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general damages according to proof;

2. For compensatory damages according to proof;

3. For pre-judgment interest if allowed by law;

4. For costs of suit herein incurred;

5. For attorney's fees to the maximum extent allowed by law;

6. For declaratory and injunctive relief as to all claims for relief where allowed;

7. And for such other further relief as the court may deem proper.

//

//

//

//

//

//

Dated this 24th day of March 2026.

**KISOB LAW FIRM**

_____

Apemwoyah Kisob Alaric-Lorenzo Esq.

Attorney for the Plaintiff Andrew Gaskin

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1 of this court.

Dated this 24th day of March 2026.

**KISOB LAW FIRM**

_____

Apemwoyah Kisob Alaric-Lorenzo Esq.

Attorney for the Plaintiff Andrew Gaskin